**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court, S. D. New York.

Aug. 5, 1976.

Department of Justice, Antitrust Div., Washington, D.C., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

## MEMORANDUM

EDELSTEIN, Chief Judge.

Before the court for decision are three related motions brought by International Business Machines Corporation, defendant in this antitrust action, to obtain discovery from plaintiff United States relating to its trial witnesses. The first or "document" motion results from plaintiff's failure to comply with a comprehensive Request for documents concerning those witnesses[1] served by IBM pursuant to Federal Rule of Civil Procedure 34. The government objected to the Request in toto, claiming in part that it constituted "pure harassment" and that it was an attempt to use plaintiff's witness list "as an excuse and springboard" for violating the parties' agreement concerning further documentary discovery from the government, and for abusing the witnesses and invading their privacy, and was "an attempt to circumvent the limits and requirements of the Federal Rules of Civil Procedure, Rule 26(b)." *Plaintiff's Response to IBM's Request for Documents (Witness Set I)* at 1. The government also claimed that "inspection could take place only after all EDP [electronic data processing] documents in all Government agencies and locations had been examined, a task impossible in itself." *Id.* at 5.

In response to plaintiff's objections, IBM moved pursuant to Federal Rules of Civil Procedure 34 and 37 for an order compelling the government to produce all the documents called for by the Request "as amended by the Rolfe affidavit."[2] To sup-

---

1. By endorsement bearing today's date the court granted IBM's unopposed motion to modify its "document" motion by amending the list of persons with respect to whom documents are sought in accordance with plaintiff's revisions in its trial witness list.

2. The Rolfe Affidavit imposes two limitations on the original Request. First, it permits the Department of Justice to limit its file search for each witness to those agencies which had employed the witness and limit the time period to the period of time the witness was employed. *See* Par. 3 of the Affidavit. Second, IBM "presses" paragraph two of the Request only

port the wholesale discovery it seeks, IBM relies merely on its contention that the information is necessary "to be able effectively to cross-examine th[e] witnesses. . ." *Memorandum in Support of Defendant's Motion* at 1.[3] Opposing the motion, plaintiff continued its original objections, arguing that the "limitation[s imposed upon the Request by the Rolfe affidavit are] not sufficient to cure the obvious defects. . ." *Plaintiff's Memorandum in Opposition to the Motion* at 1.

Shortly after submitting the "document" motion, IBM filed a second motion seeking "an order compelling the Department of Justice's witnesses, Houthakker, Epstein and McAdams, to answer questions put to them in the course of pretrial depositions."[4] *Affidavit of David Boies in Support of IBM's Motion* at 1. Specifically, it is averred that during the course of their depositions, the witnesses were instructed by the government not to reveal

> (1) the facts and information upon which they base the conclusions to which they will testify at trial, and

> (2) the substance of documents and information in the witness's possession which is inconsistent with the conclusions to which the witness will testify at trial.

*Id.* at 2. In opposition to the motion the government argued, essentially, that its in-

structions to the witnesses were supportable on the grounds of attorney work product, "Rule 26(b)(4)'s protection of experts," attorney-client privilege, and "confidential informant's privilege."

The third and final motion addressed by this opinion relates only to Dr. Houthakker and duplicates, in large part, the relief sought by the two preceding motions. IBM seeks, first, an order overruling the government's instruction to Dr. Houthakker and requiring him to testify publicly at his deposition concerning the "precise number of companies that he has concluded IBM may or ought to be broken into as part of a plan for divestiture." Second, IBM seeks to compel production of the divestiture study prepared by Dr. Houthakker for the Department of Justice as well as the materials and information upon which he relied in making that study. *Notice of Motion* at 1–2. Again, plaintiff opposes the motion.

## EXPERT INFORMATION

Paragraph two of the "document" motion and the remaining two motions are similar. By different means, each seeks to probe the conclusions to which plaintiff's expert economic witnesses, Messrs. Houthakker, McAdams and Weiss, will testify about the issues in this case and the "source" material considered and in some cases relied upon by them in forming those conclusions.[5]

---

with respect to Messrs. Houthakker, McAdams, Epstein and Weiss. *See* Par. 5 of the Affidavit. (As Mr. Epstein's name has been removed from plaintiff's witness list, defendant's motions are moot as they relate to him.)

3. With respect to one part of its comprehensive Request, IBM sought to add additional support by a supplemental affidavit directed to this motion and the deposition motion next addressed in this memorandum decision. The supplemental affidavit points to certain deposition testimony of Dr. Houthakker, one of plaintiff's expert economic witnesses, which, according to IBM, supports its contention that it is important for IBM to have access to the source material upon which the expert economic witnesses relied in forming their opinions about this case.

4. By a subsequent application based on the supporting papers to this motion, IBM proposed as an alternative form of relief that the witnesses be "preclud[ed] . . . from testi-

fying at trial with respect to any opinions or conclusions based in whole or in part on facts and information received by the witness the substance of which the Department of Justice has instructed the witness not to reveal to defendant."

5. That paragraph two of the document Request, although not so limited on its face, is in fact just an attempt to obtain such "expert information" is revealed by the supporting papers. Thus, IBM characterizes the document motion as seeking an order compelling "the production of documents that were relied upon by four economic witnesses of the Department of Justice in reaching their conclusions about certain issues in this case." *Supplemental Affidavit of Thomas D. Barr,* ¶ 2. *See also Affidavit of Ronald S. Rolfe,* ¶ 5. In any event, a broader construction of paragraph two would not serve the alleged purpose for which IBM seeks the discovery—preparation for cross-examining the experts—and would not be autho-

The discovery sought by IBM must be considered in light of the constraints delineated by Rule 26(b)(4) of the Federal Rules of Civil Procedure. That Rule provides an orderly mechanism for the discovery of "expert information." That the procedure set forth is the exclusive method for obtaining such information is evident from the introductory language of the Rule:

*Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained *only as follows:*

(emphasis supplied). Since Messrs. Houthakker, McAdams and Weiss will be called as witnesses, discovery is governed by subdivision (A):

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

■ This subdivision sets forth a "two-step" procedure. Upon the completion of the interrogatory process, *see 4 J. Moore, Federal Practice* ¶ 26.66[3] at 26–482 n. 3 (2d ed. 1976), the discovering party may seek to obtain, by motion and a proper showing directed to the discretion of the court, further discovery as provided by subsection (A)(ii). *Id.* at 483; *8C. Wright & A. Miller, Federal Practice and Procedure* § 2031 at 253 (1970).

Notwithstanding defendant's failure to address the two-step mechanism set forth in Rule 26(b)(4)(A) and the showing it requires, IBM's attempt to obtain the "expert information" it seeks must be evaluated in light of the procedure required by that Rule.[6] Accordingly, insofar as IBM seeks, by documentary production or deposition question, information encompassed by this Rule [7] without first resorting to the interrogatories contemplated by subsection (A)(i), defendant's motions must be denied.[8]

■ Some of the information sought by paragraph two of the "document" motion and the remaining two motions is not, however, within the "expert discovery" Rule. For example, although limited to documents which reflect either the conclusions about which the economists will testify or information they considered in reaching those conclusions, paragraph two of the first motion nevertheless calls for documents which contain information transmitted by plaintiff to the experts. Such documents are beyond the scope of the Rule 26(b)(4)(A) protection. As pointed out by· the Advisory Notes to the 1970 amendments to the discovery rules, the (b)(4) provision

rized by the court. In short, paragraph two is read as requesting only those documents reflecting the experts' conclusions about the issues in this case to which they will testify and/or source material they considered in reaching those conclusions.

6. That the government has voluntarily permitted IBM to ask at deposition certain questions of its economic witnesses does not alter this conclusion.

7. Since the scope of Rule 26(b)(4) is clear from the face of the Rule, and in light of the Advisory Note quoted *infra* in the text, the parties should have little difficulty determining which documents and/or answers to deposition ques-

tions are encompassed by the Rule's protections.

8. As noted, IBM's third motion sought, in part, to require Dr. Houthakker to reveal publicly at his deposition the number of companies into which he has concluded IBM ought to be divided. Off the record, the government stated the number to counsel for defendant. Assuming Dr. Houthakker will testify at trial to the conclusion here in issue, the number, though not the proper subject of a deposition in the first instance, Fed.R.Civ.P. 26(b)(4)(A), may be sought by interrogatory under Rule 26(b)(4)(A)(i).

relates to information flowing from the expert to the client/party. Thus the Notes refer to (b)(4) as

> a new provision dealing with discovery of information (including facts and opinions) *obtained by a party from an expert* retained by that party in relation to litigation or obtained by the expert and not yet transmitted to the party.

Proposed Amendments to the Federal Rules of Civil Procedure Relating to Discovery, Advisory Committee's Note, 48 F.R.D. 487, 503 (emphasis supplied). Accordingly, plaintiff is directed to produce documents which were considered by Messrs. Houthakker, McAdams and Weiss in arriving at the opinions and conclusions to which they will testify except to the extent that such documents contain information generated by the expert.[9]

With respect to plaintiff's instructions to Messrs. Houthakker and McAdams not to answer certain questions and consonant with the court's treatment of paragraph two, those instructions are overruled only to the extent that the two experts may be deposed concerning information which they did not generate and which, therefore, is not within the expert rule.

### Paragraphs One, Three and Four of the Document Motion

■ There now remains to decide only whether plaintiff should be compelled to comply with paragraphs one, three and four of the first or "document" motion. Unlike paragraph two, considered previously, this portion of IBM's demand seeks many different types of documents and extends to all of plaintiff's one hundred odd witnesses. In support of the discovery, IBM offers only the most conclusory allegations concerning

the necessity of obtaining the information to cross-examine effectively the witnesses. Precisely how the information will facilitate cross-examination is never revealed.

Quite apart from the conclusory nature of IBM's allegations, however, and without setting forth each of the deficiencies from which paragraphs one, three and four suffer, it is sufficient to note, first, as plaintiff points out, that the paragraphs do not meet the requirement in Rule 34 that requests for the production of documents "shall set forth the items to be inspected either by individual item or by category, and describe each item and category with *reasonable particularity*." Fed.R.Civ.P. 34 (emphasis supplied). Although as noted by this court in *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348, 353 (S.D.N.Y.1973), "the 'reasonable particularity' requirement is not susceptible to exact definition [since w]hat is reasonably particular is dependent upon the facts and circumstances in each case," it is quite clear that defendant's requests do not meet the standard. For example, paragraph one of the Request embraces a demand to government agencies for all documents relating to the "employment" by the agencies, regardless of when that employment occurred, of any of the witnesses. Since all documents relating to an employee are theoretically concerned with his employment, on its face paragraph one demands every document in the "employing" agency's possession which in any way mentions one of the witnesses. Since this construction would make much of if not all of the balance of the Request superfluous, the court must conclude that IBM in fact desires by this part of its demand less than every such document. What is desired is not reasonably particularized.

---

**9.** Of course, to be within the "expert discovery" Rule the expert's "information" must also have been "acquired or developed in anticipation of litigation or for trial." Fed.R.Civ.P. 26(b)(4).

In light of the court's disposition of this part of defendant's motions under Rule 26(b)(4), it is unnecessary to consider at this time the additional objections plaintiff raised in its opposition papers. If, with respect to the limited

discovery permitted herein, plaintiff wishes to press certain of those objections it should do so with specificity in an appropriate fashion.

Of course, plaintiff is not directed to produce any document previously denied defendant by a prior ruling of this court. Nor need plaintiff produce a document already supplied defendant pursuant to a different document demand; in such a case, plaintiff need only identify the document already produced.

Second, although this deficiency is not dispositive of the motion, the Request violates a prior agreement between the parties relating to further documentary production by the government pursuant to IBM demands, an agreement reflected in Pretrial Order No. 11. In relevant part, the Order states:

> In the interest of expedition, the parties have agreed to limit document production from Government agencies (other than that already in progress or that to be undertaken in connection with limited specific requests) to that described herein.

Incorporated in the Order are certain document demands; however, the demand which is the subject of the instant motion is not among them. It is clear that this agreement did not contemplate the discovery campaign defendant desires.

Third, paragraphs one, three and four of the Request are manifestly overbroad. On its face the Request reveals that responsive documents would be irrelevant to this case. For example, if one of the witnesses were employed by a government agency for a limited period of time many years ago, plaintiff would be required to search that agency's files for a time period equal to that of the employment and, under paragraph four of the Request, produce documents which have no relation at all to the witness except that they "in [some] way relate to any compensation paid [by the United States government or any agency thereof] to . . . [a] company which [at apparently any time] has employed him." Such production would be required even if the witness is no longer employed by the company that was "compensated"

and even if the company was compensated for the work of someone other than the witness who was working on a totally unrelated matter. A request for production such as this is neither related to the subject matter of the case nor necessarily to the witnesses who will testify. Such a request is, however, guaranteed to produce information which would not even meet the broad standard of relevancy employed in this case.

In light of the deficiencies in IBM's Request detailed above, its motion must fail.

During the course of its pretrial preparation defendant has had ample opportunity to obtain relevant and productive discovery, including extensive discovery of plaintiff's witnesses entailing informal interviews, comprehensive depositions and documentary productions. Additionally, the court has always encouraged the parties to exchange helpful information, including biographical data about their experts—a suggestion at least partially adopted by plaintiff as reflected by its witness identification sheets.[10] However, defendant's current attempt to obtain the wholesale additional discovery sought by its motion must be, and is, denied.[11]

---

10. For example, plaintiff's witness identification form for John Presper Eckert states:

EXPERT QUALIFICATIONS: Degree—electrical engineering; assistant to Dr. Chambers and Dr. Brainerd at Moore School of Electrical Engineering, University of Pennsylvania; co-designer and co-builder with Dr. John Mauchly of the first electronic digital computer, the ENIAC, and the EDVAC, BINAC and UNIVAC; partner in the pioneering computer ventures, Electronic Control Company and Eckert-Mauchly Computer Corporation, with Dr. John Mauchly; Vice President and Technical Adviser to the President, Sperry Rand Corporation.

11. Both parties to the motions disposed of by this decision appear to have violated certain procedural requirements relating to motion practice in this court. These failures predate the admonitions issued by this court after subsequent repeated procedural violations, and it is sufficient to note the deficiencies in these motion papers and to remind the parties of their obligations under the appropriate rules.