## KANE GAS LIGHT AND HEATING COMPANY, Plaintiff,

v.

## PENNZOIL COMPANY, Defendant.

### Civ. A. No. 82–51 ERIE.

United States District Court,
W.D. Pennsylvania.

Oct. 20, 1983.

John A. Bowler, John W. English, Erie, Pa., for plaintiff.

Samuel W. Braver, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

WEBER, District Judge.

1. The plaintiff, in response to the Court's order, paragraph (b) of September 16, 1983, to identify documents for which a privilege is claimed, has made known its intention to waive the claim of privilege of "Trial preparation" matter in its Supplemental Response filed with the Court September 30, 1983. The plaintiff has provided the defendant with photocopies of notes of observations made of the E.A. Johnson Wells No. 12 and No. 1 and the Gavin Wells No. 1, No. 3, No. 4, and No. 5, along with 35 photographs of E.A. Johnson Wells No. 12 and No. 1, and of the Gavin Well No. 5. If other documents are found which fall into the categories requested by the defendant, plaintiff intends to provide copies of these documents as well.

2. Pursuant to the Court's order of September 16, 1983 (paragraph a), the defendant has filed an affidavit denying the existence of documents requested by plaintiff in its Motion for Production of Documents, Additional Motion for Production, and/or interrogatories. The District Petroleum Engineer for Pennzoil Company at its Bradford, Pennsylvania district office submits in the affidavit at paragraphs 6, 7 and 8 that a diligent search has been made for any and all documents requested, that he is not aware of the loss or destruction of any such documents, and that no further effort provides any reasonable prospect of discovering any such documents.

3. Pursuant to the Court's order of September 16, 1983 (paragraph c) the parties have filed briefs on the question of whether a company official with knowledge of matters in dispute is subject to the expert opinion rule set forth in Rule 26 of the Federal Rules of Civil Procedure. We note that the legal arguments of the parties are replete with dramatic remonstrations of impropriety.

Defendant concedes that proper discovery of its experts pursuant to Fed.R.Civ.P. 26(b)(4)(A)[1] cannot be foreclosed or limited solely because they are also employees of defendant. *See, e.g., Virginia Electric & Power Co. v. Sun Shipbuilding & Drydock Co.*, 68 F.R.D. 397 (E.D.Va.1975). Defendant made no such concession at the conference of counsel held before the Court on September 16, 1983, and the Court's order of that date makes this evident. Nor was the Court, at the time of the conference, disposed to pass upon the adequacy of defendant's response to plaintiff's interrogatories. This matter is now before the Court.

In its Interrogatories Nos. 1(a) and (b) (first set), plaintiff requested that the defendant identify those persons expected to be called as experts. It further requested, pursuant to Rule 26(b)(4)(A)(i), the subject matter, facts and opinion of the expert testimony as well as the summary of the grounds for those opinions. These specific requests were repeated in plaintiff's second set of interrogatories and focused upon the subject matter of the testimony (Interrogatory No. 14) the facts to which each employee would testify (Interrogatory No. 15), the substance of the opinions to be elicited (Interrogatory No. 16), and the summary of the grounds for each opinion (Interrogatory No. 17). We have reviewed the interrogatories propounded and the answers submitted and will hereby direct the defendant to more fully respond to Interrogatory No. 17 (second set) requiring a summary of grounds relied upon for the opinion of each of its experts. We consider such discovery appropriate under Rule 26 and find defendant's responses insufficient in their present form. *See, e.g., Hockley v. Zent, Inc.*, 89 F.R.D. 26 (M.D.Pa.1980).

Finally, the plaintiff requests that the Court order further discovery in the way of deposition of these potential experts. We recognize it to be within the power of the Court to decide upon the need for further discovery relating to expert testimony, and that such discretion should be exercised in favor of the taking of depositions where the potential experts are also employees of the party. *See, Clark v. General Motors Corp.*, 20 Fed.R.Serv.2d 679 (D.Mass.1975). We are not disposed to grant such a request at this time. Plaintiff may renew a motion to compel further discovery by deposition at a time after defendant's compliance with the Court's order respecting its response to plaintiff's interrogatory.

---

1. Fed.R.Civ.P. 26(b)(4) provides in pertinent part:

*Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.