467 So.2d 309 (1985)
CONTINENTAL INSURANCE COMPANY, Petitioner,
v.
Jill L. COLE, et al., Respondents.
No. 84-1526.
District Court of Appeal of Florida, Fourth District.
January 4, 1985.
David F. Cooney of Conrad, Scherer & James, Fort Lauderdale, for petitioner.
Kocha & Houston, P.A. and Edna L. Caruso, P.A., West Palm Beach, for respondents.
DOWNEY, Judge.
By petition for writ of certiorari Continental Insurance Company seeks to have quashed an interlocutory order of the trial court that overruled Continental's objections to respondent Cole's requests for admissions.
Cole sued Continental to determine the amount of uninsured motorist coverage available under two insurance policies issued by Continental. In addition to Continental, Cole also sued the agent that sold the Continental policy and a claim adjusting firm, charging them with fraud in forging rejection forms that purported to reject higher uninsured motorist coverage. In due course, Cole served Continental with requests for admissions pursuant to Florida Rule of Civil Procedure 1.370(a). When Continental objected to certain requests, Cole's motion to compel discovery was granted. Petitioner contends that order was a departure from the essential requirements of law and that no adequate remedy upon plenary appeal exists.
The following are the requests to which Continental objected:
4. Admit or deny that Continental Insurance Company has authorized its employees to employ a handwriting expert to analyze the signatures of Phillip H. Cole, June H. Cole and J. Lee Cole.
5. Admit or deny that Continental Insurance Company's handwriting expert has analyzed the signatures of Phillip H. Cole, June Cole and J. Lee Cole and has determined that the signature on the application for personal insurance dated February 1, 1978 is not the signature of Phillip H. Cole.

*310 6. Admit or deny that Continental Insurance Company's handwriting expert has inspected the uninsured motorist coverage form dated August 31, 1978, with the signatures of applicant as Phillip H. Cole and the spouses (sic) signature as June Cole and have found those two signatures not to be the handwriting of Phillip H. Cole and June Cole.
10. Admit or deny that the handwriting expert employed by the Defendant, Continental Insurance Company and/or its attorneys, was employed to analyze the signature of J. Lee Cole.
11. Admit or deny that the handwriting expert employed by Continental Insurance Company inspected and analyzed the signature of J. Lee Cole as contained on the uninsured motorist coverage form dated February 12, 1976.
12. Admit or deny that Continental Insurance Company's handwriting expert has found the signature on the uninsured motorist coverage form dated February 12, 1976 not to be the signature of J. Lee Cole.
Continental objected upon the grounds that a) the requests constituted an invasion of the work product privilege; b) several of them violated the attorney-client privilege; and c) the requests were beyond the scope of discovery allowed under the rules of civil procedure.
A study of the development of discovery demonstrates that problems unique to expert witnesses have always existed and have resulted in rules of procedure that treat the discovery of experts differently from the discovery of ordinary witnesses. In fact, it has been held that the Federal Rule of Civil Procedure Rule 26(b)(4), the equivalent of Florida Civil Procedure Rule 1.280(b)(3), was intended to constitute a limitation upon the more general discovery provisions contained in the other discovery rules. See Annot. Pretrial Discovery  Experts' Opinion, 33 A.L.R.Fed. 403 (1977). Thus, special provisions have been included in Rule 1.280(b)(3), which apply only to experts:
Trial Preparation: Experts.
Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(A) By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions pursuant to subdivision (b)(3)(C) of this rule concerning fees and expenses as the court may deem appropriate.
(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
(C) Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(3)(A) and (b)(3)(B) of this rule; and concerning discovery from an expert obtained under subdivision (b)(3)(A) of this rule the court may require, and concerning discovery under subdivision (b)(3)(B) of this rule shall require, the party seeking discovery *311 to pay the other party a fair part of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert. (Emphasis added.)
By its terms the rule allows a party to obtain information about another party's expert initially only through the vehicle of interrogatories. Whether the opposing party has employed an expert regarding the subject matter of the case is to be determined by use of an interrogatory asking that question. The next obvious question under the rule is whether the witness will be used at trial or not. The interrogator then learns whether he must proceed under (3)(A) or (3)(B). If (3)(B) is applicable the party inquiring may have additional hurdles to overcome before he is entitled to reach the expert, such as a showing of exceptional circumstances. Since our Rule 1.280(b)(3) is for all intents and purposes the same as Federal Rule 26(b)(4), the constructions of the latter rule are compelling.
In 4 Moore's Federal Practice ¶ 26.66[3], n. 9, the author states: "Discovery by other methods may not be pursued until these interrogatories have been served." Also in United States v. Intern. Business Machines Corp., 72 F.R.D. 78 (S.D.N.Y. 1976), the court ruled that the defendant's discovery motions that attempted to probe the conclusions of the plaintiff's economic expert through deposition were denied since the defendant had not first resorted to interrogatories as required by Rule 26(b)(4). Routine discovery of experts is to begin by interrogatories unless the court orders otherwise. North Georgia Lumber & Hardware v. Home Ins. Co., 82 F.R.D. 678 (N.D.Ga. 1979). If, after obtaining the requisite information as provided in the rule, a party wishes to probe more deeply into that information, he may then seek leave of court for further discovery by any other appropriate means. In sum, the rule sets forth a "two step" procedure. United States v. Intern. Business Machines Corp., 72 F.R.D. 78 (S.D.N.Y. 1976).
In view of the foregoing, we hold that a request for admissions pursuant to Rule 1.370(a) is an inappropriate method in the first instance to obtain discovery regarding another party's expert. Therefore, the requests for admissions that Continental objected to were improper and the failure to sustain said objections was a departure from the essential requirements of law.
Accordingly, the order under review is quashed.
HERSEY and WALDEN, JJ., concur.