PER CURIAM.
In these consolidated petitions for writs of certiorari, Wendy Richmond seeks review of two orders that denied her objections and motions for protective orders with respect to Honda’s requests for admissions. We deny the petitions.
Richmond filed a products liability suit against Honda seeking damages for injuries she sustained while a passenger on a Honda motorcycle. Richmond claimed that the motorcycle was not crashworthy because it did not provide adequate protection to the passenger’s lower extremities. Honda propounded expert interrogatories to Richmond pursuant to Florida Rule of Civil Procedure 1.280(b)(4), seeking the names of the experts she intended to call at trial, background information on the experts, their opinions, and facts upon which they based such opinions. Richmond answered these interrogatories and apparently identi *492 fied Harry C. Peterson and Arthur A. Ezra as experts she expected to call at trial. Honda then filed two sets of requests for admissions, which generally asked Richmond -to admit the substantive testimony that Messrs. Peterson and Ezra had given in previous cases. Concerning Mr. Peterson, the requests described testimony in depositions or trial transcripts in twelve prior proceedings which were identified by case name and date. Additionally, the requests asked six additional questions concerning Mr. Peterson’s opinions in prior testimony or in this case. Honda propounded twenty-three similar requests concerning Mr. Ezra’s prior testimony and opinions.
Richmond did not admit or deny any of the requests, but she filed objections and motions for protective orders in response to all requests for admission. The objections did not raise specific problems with individual requests. Instead, Richmond argued that such requests were not authorized or permitted by the discovery rules. Additionally, Richmond contended that the requests were nonspecific, called for an interpretation of the experts' prior testimony, and were unduly burdensome. Finally, Richmond requested that if she were required to answer the admissions, the trial court should order Honda to pay the costs of preparing the replies.
After a hearing, the trial court, by separate orders, denied each objection and motion for protective order, with leave to amend within ten days to provide any other objections specific to the enumerated requests. Richmond seeks review of these two orders by common law certiorari.
Richmond has not established that the trial court departed from the essential requirements of the law by permitting Honda to obtain additional discovery concerning the experts by means of these requests for admission. Florida Rule of Civil Procedure 1.280(b)(4)(A) provides that discovery of facts known and opinions held by expert witnesses who are expected to be called at trial may be obtained only as follows:
By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial may be deposed in accordance with Rule 1.390 without motion or order of court. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and other provisions pursuant to subdivision (b)(3)(C) of this rule concerning fees and expenses as the court may deem appropriate.
Fla.R.Civ.P. 1.280(b)(4)(A) (emphasis supplied). Contrary to Richmond’s argument, rule 1.280(b)(4)(A) permits “further discovery by other means,” e.g., requests for admissions, once the initial interrogatories disclose the expert witness and the substance of the expert’s testimony. Cf. Continental Insurance Co. v. Cole, 467 So.2d 309 (Fla. 4th DCA 1985) (trial court departed from essential requirements of law in granting motion to compel answers to requests for admissions regarding expert’s opinions where party seeking admissions had not first filed interrogatories pursuant to former rule 1.280(b)(3), now rule 1.280(b)(4)). These requests seek opinions held by the plaintiff’s experts and are within the broad scope of discovery.
At this stage in the proceedings, the trial court has not departed from the essential requirements of the law by denying objections which generally argue that all of these requests are nonspecific or unduly burdensome. The trial court has not compelled the plaintiff to locate transcripts or depositions, which may be difficult for her to find. Since Honda apparently has not provided transcripts of the critical testimony, it is entirely possible that, upon reasonable inquiry, Richmond may be unable to admit one or more of the requests for lack of information. Fla.R.Civ.P. 1.370. Moreover, we do not read the trial court’s order as precluding Richmond from seeking costs *493 for the assistance she receives from her experts in answering the requests for admissions.
Because of these reasons, at this time Richmond has not demonstrated that she will suffer irreparable injury by complying with the trial court’s orders. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
Accordingly, the consolidated petitions for writs of certiorari are denied.
DANAHY, A.C.J., and FRANK and ALTENBERND, JJ., concur.