PER CURIAM.
The petitioner, State Farm Mutual Automobile Insurance Company, invokes our cer-tiorari jurisdiction to review portions of a discovery order compelling production of certain documents. We have jurisdiction. See, e.g., Richardson v. Watson, 611 So.2d 1254 (Fla. 2d DCA 1992).
We grant the writ in part and quash that aspect of the order requiring production of medical reports, with patient names deleted, prepared by Dr. Michael Slomka for the petitioner and a non-party (State Farm Fire and Casualty Company) concerning persons other than the respondent. In doing so, we specifically adopt the reasoning of Newman v. Amente, 634 So.2d 305 (Fla. 5th DCA 1994), and Crandall v. Michaud, 603 So.2d 637 (Fla. 4th DCA 1992). We deny the writ in all other respects because the petitioner has failed to furnish an adequate record demonstrating that the trial court deviated from the essential requirements of the law in ordering production’of other documents. See Allstate Van Lines Corp. v. Palmerio, 334 So.2d 280 (Fla. 4th DCA 1976).
*982 Certiorari granted in part and denied in part.
DANAHY, A.C.J., and PARKER and LAZZARA, JJ., concur.