ALTENBERND, Judge.
 

 John Elden Miller seeks certiorari review of a trial court’s order compelling discovery from a nonparty expert witness. We grant the petition.
 

 Linda Harris filed an automobile negligence action against Mr. Miller alleging that she sustained permanent injuries as a result of Mr. Miller’s negligence. During pretrial discovery, Mr. Miller’s attorney arranged for Ms. Harris to be examined by Dr. Bernard Fishalow pursuant to Florida Rule of Civil Procedure 1.360. After this examination, Ms. Harris served interrogatories directly to Mr. Miller seeking certain discovery about his, his insurer’s, or his attorneys’ relationships with Dr. Fishalow pursuant to Florida Rule of Civil Procedure 1.280(b)(4). This rule, as the Committee Notes regarding the 1996 amendment of the rule explain, was adopted to implement the Florida Supreme Court’s holding in
 
 Elkins v. Syken,
 
 672 So.2d 517 (Fla.1996). Mr. Miller made broad objections to these interrogatories. Ms. Harris sought to compel appropriate answers to these interrogatories. In the meantime, however, Ms. Harris also issued a subpoena duces tecum for deposition directly to Dr. Fishalow, which is the subject of the dispute on appeal.
 

 In a “corrected subpoena duces tecum for deposition,” Ms. Harris requested the production of the “entire contents” of Dr. Fishalow’s chart and file on her and identified thirteen specific items or categories of documents that she believed should be included within her chart or file. Only three of these items are the subject of this proceeding. Those three items request:
 

 K. All documents or statements which establish an approximation of the portion of the doctor’s involvement as an expert witness, which may be based upon the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness during each of the last three (3) calendar years;
 

 L. Copies of all office calendars and/or schedule[s] which identify all compulsory
 
 *1072
 
 examinations which the doctor performed for insurance companies and/or defense attorneys during each of the last three calendar years, and which show the name [of] the person examined, the date of the examination and the place of the examination;
 

 M. Copies of all reports issued in connection with any and all compulsory examinations which the doctor performed for all insurance companies and/or defense attorneys during each of the last three (3) calendar years.
 

 Mr. Miller objected to these discovery requests, arguing that they were overly broad; unduly and financially burdensome to Dr. Fishalow; and not calculated to lead to the discovery of admissible evidence. Additionally, Mr. Miller contended that any documents which might identify a non-party patient would violate those persons’ privacy rights. Finally, Mr. Miller maintained that these requests violated Florida Rule of Civil Procedure 1.280(b)(4) in that Ms. Harris had failed to show any unusual or compelling circumstances that would require the doctor to produce these documents.
 

 Ms. Harris did not file any response to Mr. Miller’s objection. On May 13, 2008, the trial court entered an order that simultaneously required Mr. Miller and his attorneys to respond to the expert interrogatories and also authorized the subpoena for the documents to be served on Dr. Fisha-low.
 
 [1]
 
 In this appellate proceeding, Mr. Miller is not challenging his obligation to answer the expert interrogatories; rather, he is challenging only the expert’s obligation to produce the documents required by the above-described requests.
 

 Ms. Harris concedes that the copies of other persons’ compulsory medical examinations requested in item “M” are not properly discoverable under the subpoena.
 
 See Graham v. Dacheikh,
 
 991 So.2d 932 (Fla. 2d DCA 2008);
 
 see also Crandall v. Michaud,
 
 603 So.2d 637 (Fla. 4th DCA 1992),
 
 disapproved on other grounds, Elkins v. Syken,
 
 672 So.2d 517 (Fla.1996);
 
 State Farm Mut. Auto. Ins. Co. v. Sharp,
 
 647 So.2d 981 (Fla. 2d DCA 1994). Thus, we do not further discuss this item of discovery.
 

 As to the other two items, rule 1.280(b)(4)(A) has been designed to permit discovery about expert witnesses by interrogatories directed to a party. As discussed in
 
 Allstate Insurance Co. v. Boecher,
 
 733 So.2d 993, 997 (Fla.1999), the courts have been striving to achieve a balance between a party’s need to obtain information about an expert and “the right of the expert to be free from intrusive requests.” In this regard, rule 1.280(b)(4)(A) permits specific discovery directed to a party via interrogatories but then in contrast explains: “An expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents.”
 

 Although Ms. Harris’s subpoena is written to imply that the documents requested
 
 *1073
 
 in items “K” and “L” would be included within her chart or file, it is obvious that the request is for materials not normally maintained in any specific patient file. These documents are clearly within the scope of the financial and business records that an expert must produce only under the most unusual or compelling circumstances. In this case, the trial court made no findings of unusual or compelling circumstances. Indeed, the trial court ordered this production without even waiting for Mr. Miller to obey the court order requiring him to provide the answers to interrogatories that usually serve as an adequate substitute for a subpoena of this sort. The trial court departed from the essential requirements of the law by ordering this subpoena to issue before determining whether the usual interrogatories would provide the limited information that is normally discoverable in this type of lawsuit.
 

 Because we quash the order on this ground, we do not need to reach the remaining arguments. We note, however, that to the extent that item “K” could be interpreted to request all background documentation from which an expert prepared a document containing “an approximation of the portion of the expert’s involvement as an expert witness” under rule 1.280(b) (4) (A) (iii) (4), we have serious doubts that the supreme court intended its discussions in
 
 Elkins, Boecher,
 
 and in rule 1.280(b)(4) to permit such far-ranging discovery. Likewise, the production of a physician’s appointment calendar, containing the names of both traditional patients and persons for whom examinations were scheduled or performed pursuant to rule 1.360, would seem to be an extraordinary production that could be required by the trial court only after careful attention to the significant privacy issues inherent within such a production.
 
 See, e.g., Graham,
 
 991 So.2d 932.
 

 The petition for certiorari is granted.
 

 FULMER and KELLY, JJ„ Concur.
 

 [1]
 

 . Both parties appear to agree that the issuance of the subpoena requires compliance with the subpoena and that Dr. Fishalow does not have any additional right to object once the subpoena is served. Ms. Harris does not suggest that the order can be avoided by the doctor, and accordingly we proceed on the assumption that this discovery order will result in the usual forms of irreparable injury that permit certiorari review of such orders.
 
 See, e.g., Wilder v. Wilder,
 
 993 So.2d 182, 184 (Fla. 2d DCA 2008) ("Discovery of certain types of information may cause material injury of an irreparable nature, including 'cat out of the bag' material that could be used to injure another person or party outside the context of the litigation as well as material protected by privilege.”).