MAY, C.J.
The defendant in an accident case petitions this court for a writ of certiorari to quash a trial court order. That order overruled the defendant’s objection to the plaintiffs Notice of Intent to serve a subpoena and Notice of Service of Expert Witness Request for Production directed to the defendant’s liability expert. The defendant argues that Florida Rule of Civil Procedure 1.280(b)(4) does not allow a party to serve a subpoena or a Request for Production. Further, a party may request the court to seek discovery of financial or business records by other means, but only when unusual or compelling circumstances exist. We agree and grant the petition.
Rule 1.280(b)(4) provides in pertinent part:
(4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(A)(i) By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
(ii) Any person disclosed by interrogatories or otherwise as a person *1103 expected to be called as an expert witness at trial may be deposed in accordance with rule 1.390 without motion or order of court.
[[Image here]]
An expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and other provisions pursuant to subdivision (b)(4)(C) of this rule concerning fees and expenses as the court may deem appropriate.
Fla. R. Civ. P. 1.280(b)(4) (emphasis added).
“A reading of rule 1.280(b)(4) in its entirety reveals an intent to restrict the information that can be discovered from the expert, even though the discovery is answered by the party.” Allstate Ins. Co. v. Boecher, 733 So.2d 993, 998-99 (Fla.1999). “By its terms the rule allows a party to obtain information about another party’s expert initially only through the vehicle of interrogatories.” Cont’l Ins. Co. v. Cole, 467 So.2d 309, 311 (Fla. 4th DCA 1985) (emphasis in original). “ ‘Discovery by other methods may not be pursued until these interrogatories have been served.’ ” Id. (quoting 4 J. Moore, W. Taggart & J. Wicker, Moore’s Federal Practice ¶ 26.66[3], n. 9 (2d ed. 1987)) (holding that a request for admissions was an “inappropriate method” of initially obtaining discovery regarding another party’s expert).
The Second District Court of Appeal addressed a similar issue in Price v. Hannahs, 954 So.2d 97 (Fla. 2d DCA 2007). There, an expert witness asked the district court to quash a trial court order compelling him to produce documents. Id. at 98. The opposing party had a subpoena duces tecum issued, requesting thirty categories of documents. Id. The documents were primarily related to the treatment of the plaintiff, but included billing charges and payments. Id. When the expert appeared for deposition, he did not produce all the requested documents and became rather belligerent during the deposition. Id. The defendant then filed a motion for sanctions. Id. at 99.
The court reserved ruling on the sanctions and directed the expert to appear for another deposition. Id. Defense counsel amended the subpoena duces tecum for the next deposition. Id. Some categories of items requested “did not relate to this plaintiffs treatment, but appeared designed to ferret out the expert’s general bias for a particular side in litigation.” Id. Once again, the expert terminated the deposition and failed to produce all requested documents. Id. Subsequently, defense counsel found the expert’s response to request for production, which had been mailed to counsel’s office prior to the deposition. Id.
Defense counsel filed a new motion for an order to show cause and sanctions. Id. The court ordered the expert to appear again and remain until the conclusion of the deposition. Id. The court further ordered the expert to produce all documents requested and imposed a $1,500 sanction. Id.,
On appeal, the Second District reversed the sanction. Id. at 100. The court found that the order compelling production of documents by a nonparty was “reviewable by certiorari because [the non-party had] no adequate remedy by appeal.” Id. The court further concluded “that the order departs from the essential requirements of *1104 law because the circuit court failed to apply the correct law.” Id. The court granted the petition and quashed that part of the order requiring the expert to produce certain documents that were beyond the scope of the rule.[1] Id. at 101.
While it is true that the scope of documents requested in Price differs from those requested in this case, the import of the case applies equally here. Rule 1.280(4)(b) means what it says and says what it means. See also, Miller v. Harris, 2 So.3d 1070, 1073 (Fla. 2d DCA 2009) (quashing an order compelling production of financial documents from an expert witness without a finding of unusual or compelling circumstances).
Rule 1.280(4)(b) confines both the discovery methods that can be employed when directed to expert witnesses and the subject matter of that discovery. In this case, we face only the discovery method employed by the plaintiff. The rule calls for a party to first propound interrogatories. Fla. R. Civ. P. 1.280(b)(4)(A)(i). Once disclosed as an expert, that person may be deposed. Fla. R. Civ. P. 1.280(b)(4)(A)(ii). Scope of employment, compensation, general litigation experience, percentage of work performed for plaintiffs or defendants, identity of other cases, and an approximation of the expert’s involvement as an expert witness are all fair game. Fla. R. Civ. P. 1.280(b)(4)(A)(iii). The production of financial and business records, however, may be required “only under the most unusual or compelling circumstances.” Fla. R. Civ. P. 1.280(b)(4)(A). A request for production is simply NOT a method condoned by the rule except “[u]pon motion.” Id. We therefore grant the petition and quash the order of the circuit court.

Petition granted; order quashed.

STEVENSON and HAZOURI, JJ., concur.

. The defendant had requested documents substantiating the percentage of the expert’s patients who had personal injury claims or had suffered injuries from an auto accident, and other non-existent documents. Price, 954 So.2d at 99.