**J. J. DELANEY CARPET COMPANY,**
Inc., Plaintiff,

v.

**FORREST MILLS, INC., Defendant.**

United States District Court
S. D. New York.
Dec. 18, 1963.

Laporte & Meyers, New York City, Gordon Zimmerman, New York City, of counsel, for plaintiff.

3. Minnesota Statutes Annotated § 571.41; Minnesota Rules of Civil Procedure, Rule 4.

Hahn, Hessen, Margolis & Ryan, New York City, Francis J. Ryan, Jr., New York City, of counsel, for defendant.

WEINFELD, District Judge.

The answers to the following interrogatories are not responsive, and the plaintiff is directed to serve answers thereto within thirty (30) days from date:

"1; 3; 4; 10; 11 (limited to the subject matter of plaintiff's claims in this action); 12; 15; 19(a), (b) and (c) (the answer appears sufficient as to 19(d)); 21; 22(a) and (b)."

If plaintiff is without the necessary information to answer any of the above interrogatories or any portion thereof, it shall so state under oath.

■■ Incorporation by reference of portions of a deposition of a witness, much of it discursive, or of allegations of a pleading is not a responsive answer. The fact that a witness testified on a particular subject does not necessarily mean that a party who is required to answer interrogatories adopts the substance of the testimony to support his claim or contention. Answers to interrogatories should be in such form that they may be used upon a trial, as Rule 33 contemplates.

The motion is denied with respect to the answer to interrogatory 20. While the answer does refer to a list, it is obvious that it is identifiable, precise and sets forth chronologically each of the defendant's invoices for the period in question. The motion is denied with respect to interrogatory 17, which is palpably oppressive; the motion also is denied with respect to interrogatory 23.

■ The motion, insofar as it is based upon the answers to interrogatories 14 (d) and 18 is denied for failure to comply with General Rule 9(e) of this Court.

The papers of both parties on this motion are unduly prolix and the Court has spent considerable time plowing through the material as well as the depositions in order to dispose of this motion, which evidently is motivated more by the unfortunate acrimony which appears to exist between the respective parties and attorneys than by a genuine desire to obtain useful information. In this circumstance the Court does not believe that it is required to spend additional time searching the files for the answers which should have been submitted under the Rule, if indeed the files contain the information.