Lloyd W. SAHLEY, Plaintiff,

v.

TIPTON COMPANY, Defendant.

Civ. A. No. 3124.

United States District Court

D. Delaware.

July 15, 1966.

William E. Taylor, Jr., Wilmington, Del., and Alan E. Bandler, of Kramer, Bandler & Labaton, New York City, for plaintiff.

James M. Tunnell, Jr., and David A. Drexler, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendant.

## OPINION

LAYTON, District Judge.

This motion arises out of an action to void certain transfers of money and property from Mark T. McKee to Tipton Company, a corporation wholly owned by the twelve children of Mark T. McKee. Plaintiff has alleged that the transfers were fraudulent, and designed to prevent him from collecting a judgment obtained by plaintiff against McKee in the United States District Court for the Southern District of New York. Plaintiff has been unable to collect the full amount of such judgment for the reason that Mark T. McKee has no further visible assets.

The instant motion is an attempt by defendant Tipton Company to compel further answers to a certain interrogatory. This interrogatory, submitted to plaintiff by Tipton, attempts to elicit the facts upon which conclusive allegations of the complaint are based (Nos. 7, 11, 12, 13, 18, 19, 21, and 22).

Plaintiff's answers to the above interrogatory read, typically, as follows:

"\* \* \* (the facts on which plaintiff relies) are the actual conveyances of that amount *and the testimony of Mark T. McKee and Miles McKee.*" (Emphasis added.)

Defendant objects to the general reference to such testimony on two grounds: first, on the ground that the testimony referred to is actually a *denial* of the allegations of the complaint; *second,* on the ground that more specific reference is needed. No cases were cited.

Plaintiff's answer to the first ground is that the entire testimony of both Miles and Mark T. McKee, taken as a whole, is unbelievable in view of the circumstances which surround the transfers. Such circumstances constitute a "badge of fraud" which necessarily affixes to such transfers.

Plaintiff has not fully answered the second ground urged by defendant, that more specific reference is needed.

■ There are cases which suggest that it is not enough to refer to whole depositions or large volumes of testimony for specific facts. Hyster Co. v. Industrial Power Equipment Co., 9 F.R.D. 685 (D.C.W.D.Mo.1950); J. J. Delaney Carpet Co. v. Forrest Mills, Inc., 34 F.R.D. 152 (D.C.S.D.N.Y.1963); Cf. Austin Theater v. Warner Bros., 22 F.R.D. 302 (D.C.S.D.N.Y.1958).

The above cases are applicable only if plaintiff has directed defendant to hunt for specific page and line references. In the instant case, however, plaintiff is unable to give such specific references. Plaintiff is of the opinion that the testimony of Miles and Mark T. McKee, taken in the factual context of this case, generates the feeling that the allegations of the complaint are probably correct. Individual statements of the McKees would naturally be exculpatory and self-serving, and plaintiff clearly is not relying on such specific isolated statements.

■ Defendant cannot be heard to complain of having to sift through voluminous testimony of the McKees. Most, if not all, of the testimony referred to is derived from a special intervention action brought by Tipton Company in the main New York action where plaintiff Sahley prevailed against Mark T. McKee. This testimony, including depositions and trial transcript, amounts to a total of 282 pages. Since plaintiff refers to this relatively short record for contextual tone rather than specific facts, there is no undue burden on defendants.

■ Plaintiff's problem in a fraud case, as alleged here, is that the alleged fraudulent transferor and transferee, McKee and Tipton Company, are in sole possession of the bulk of the facts in the case. Fraud is not publicly recorded in the market place. Plaintiff has no access to the vital facts surrounding these allegedly fraudulent transactions. However, excluding the testimony of the McKees, the bare facts of the transfers of money and property under the circumstances shown here constitute a prima facie case. The burden of coming forward with refuting evidence falls on defendants who have by far the best access to that evidence.

■ Under the peculiar circumstances of this case, and the nature of the testimony referred to by plaintiff, the answers to the interrogatory in question are sufficient.

Defendant's motion for further answers to interrogatories is dismissed.