**Vito FERRARA,**

v.

**BALISTRERI & DiMAIO, INC., Boat Shanty Girl, Inc.**

**Civ. A. No. 82–2940–S.**

United States District Court,
D. Massachusetts.

March 13, 1985.

Joseph M. Orlando, Orlando & White, Gloucester, Mass., for plaintiff.

Richard H. Pettingell, Clinton & Muzyka, Thomas J. Muzyka, Boston, Mass., for defendants.

## ORDER ON DEFENDANT'S, BOAT SHANTY GIRL, INC., MOTION FOR SANCTIONS AGAINST PLAINTIFF, VITO FERRARA (# 110)

ROBERT B. COLLINGS, United States Magistrate.

On June 10, 1983, the defendant Boat Shanty Girl, Inc. (hereinafter, the defendant) propounded interrogatories (# 22) to the plaintiff Ferrara. Interrogatory # 24 read as follows:

> 24. Please state the names and addresses of each expert witness you intend to have testify at the trial, including:
> (a) the subject and nature of the matter on which the expert is expected to testify;
> (b) the substance of the facts to which the expert is expected to testify;
> (c) the opinions to which the expert is expected to testify;
> (d) the summary of the grounds for each opinion.

Plaintiff's answers (# 24) were filed on July 7, 1983. The answer to interrogatory # 24 was as follows:

> A. 24. Plaintiff has not yet determined who he intends to call as expert witnesses at trial and reserves the right to supplement this answer.

Over a year later, a Pre-Trial Conference was held on July 24, 1984. No supplementary answers to interrogatory # 24 had been filed. It does not appear that there was any discussion at the Pre-Trial Conference respecting answers to expert interrogatories, but the trial judge ordered that all discovery be completed by October 31, 1984 and that trial commence on November 13, 1984 at 9:00 A.M.

On September 7, 1984, the defendant filed a Notice Of Deposition (# 71) noticing the deposition of Dr. McGillicuddy on September 17, 1984. On September 14, 1984, the plaintiff filed a Motion To Quash Notice Of Deposition (# 74) on the grounds that:

> ... [P]laintiff states that Dr. McGillicuddy has been retained by this office as an expert witness on behalf of Vito Ferrara in this litigation, as such, the defendant does not have a right, absent good cause pursuant to Rule 26(b)(4), to obtain Dr. McGillicuddy's medical records and/or expert reports.

Defendant's opposition (# 75) noted that no supplementation of the plaintiff's answer to interrogatory # 24 had been filed.

After hearing, the undersigned issued an Order on October 2, 1984 allowing the mo-

tion to quash to the extent that the deposition was stayed and the plaintiff was ordered, on or before October 12, 1984, to:

(1) file and serve full and complete answers to the so-called "expert interrogatories" propounded to the plaintiff by the defendant Boat Shanty Girl, Inc. and (2) to produce to counsel for the Boat Shanty Girl, Inc. all reports and records of Dr. McGillicuddy's treatment of the plaintiff since July, 1983.

A provision of the order permitted the defendant to move to lift the stay of Dr. McGillicuddy's deposition after October 12th.

On October 15, 1985, the plaintiff filed Plaintiff's Supplemental Answers To Interrogatories Propounded By The Defendant, Boat Shanty Girl (# 86). The following answers were given:

(A) John J. McGillicuddy, M.D., 280 Washington Street, Brighton, MA 02135; orthopedic surgeon; plaintiff expects Dr. McGillicuddy's testimony to be in accordance with the reports attached hereto, including those of November 4, 1982, October 29, 1982, December 3, 1982, March 7, 1983, April 12, 1984, May 23, 1984, July 17, 1984, August 29, 1984 and September 11, 1984.

(B) Joseph Marcantonio, One Ocean Avenue, Magnolia, MA 01930; expert fishing captain; plaintiff has not obtained a report from Mr. Marcantonio at this time setting forth his opinions and bases therefore, but upon receipt plaintiff will provide the defendant with a copy. If Mr. Marcantonio is unable at the time of trial to testify, plaintiff intends to use an alternate fishing captain, whose name plaintiff will provide defendant with as soon as determined.

(C) David Welsh, 30 Hollow Ridge Road, Needham, MA; actuary; he will testify as to the financial loss that plaintiff has suffered and will suffer as a result of the alleged occurrence. He will also testify with respect to the plaintiff's life expectancy. If Mr. Welsh is unable to testify, plaintiff plans to use another actuary in his place. The defendant will be notified of any such substitutions as soon as known by the plaintiff.

(D) John J. Murray, 16 Hawthorne Avenue, Arlington, MA; Marine Safety Expert; plaintiff has not obtained a report from Mr. Murray at this time setting forth his opinions and bases therefore, but upon receipt plaintiff will provide the defendant with a copy.

Meanwhile, on October 22, 1984, the District Judge entered an endorsement on defendant's Motion To Compel Supplemental Answers To Interrogatories Propounded To Plaintiff, Vito Ferrara (# 76) which read:

Any supplementation of answers must be made by October 31, 1984.

The plaintiff filed supplemental answers (# 99) on November 1, 1984; however, no supplemental answers were filed to interrogatory # 24, the so-called "expert interrogatory".

The trial did not go forward on November 13, 1984 due to a scheduling problem.

On December 12, 1984, the defendant filed a Motion For Sanctions Against Plaintiff, Vito Ferrara (# 110). The bases for the motion were the failure to provide full and complete answers to the expert interrogatories and to produce the records of Dr. McGillicuddy in accordance with my October 1st order and the failure to supplement the answers to expert interrogatories as ordered by the District Judge.

The plaintiff filed an Opposition, Etc. (# 111) taking the position that he could answer expert interrogatories by attaching reports and that he was under no duty to supplement on October 31st as to experts which had not given him any information.

On January 4, 1985, the plaintiff filed further Supplemental Answers, Etc. (# 112) to interrogatory # 24. In these answers, further information was given as to the expert Marcantonio and the expert Welsh. However, as to the expert Murray, the plaintiff wrote:

... [A]lthough plaintiff has not obtained a report from Mr. Murray at this time plaintiff expects him to testify as to the safe and proper procedure of operating a

fishing vessel in international waters under the weather conditions at the time of the alleged occurrence; his testimony will be further developed at the time of trial.

In addition, plaintiff then proceeded to identify two additional experts, i.e. Arthur O'Shea and Leo Sabato, and to give answers to expert interrogatories as to those experts.

The defendant's motion for sanctions was heard on February 4, 1985.

■■■ In my judgment, sanctions should be applied. Plaintiff's counsel's arguments evince a total misapprehension of the meaning and effect of Rule 26(e)(1), F.R. Civ.P. regarding supplementation of answers to interrogatories. Rule 26(e)(1), F.R.Civ.P., provides:

(e) *Supplementation of Responses.* A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter required, except as follows:

(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters, and (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

The duty to supplement is a duty to supplement *seasonably.* Counsel may not postpone supplementation indefinitely by delaying the retaining of experts and expect that he will be able to supplement at the last possible moment before trial is to start. Similarly, counsel may not postpone supplementation by not obtaining from the experts which have been retained the information which is to be supplied in answer to the expert interrogatories. In the instant case, counsel for the plaintiff did both.

First, the duty to supplement "seasonably" clearly arises when the Court issues an Order in the nature of the one issued on

October 1st, i.e. to serve full and complete answers to "expert" interrogatories. I am of the opinion that the answers filed October 15 did not fulfill the duty to supplement found in Rule 26(e)(1), F.R.Civ.P. In other respects, the answers were improper.

With respect to the experts Marcantonio and Murray, it was improper to answer that the opinions and bases of the witnesses' opinions would be disclosed when counsel for the plaintiff "obtains" a report. I rule that counsel is under an *affirmative obligation* to secure sufficient information from retained experts intended to be called at trial so that counsel can furnish full and complete answers to "expert" interrogatories propounded by Rule 26(b)(4)(A)(i), F.R. Civ.P. I rule that in the instant case, counsel for the plaintiff was under an obligation to procure that information so that the plaintiff could file full and complete answers to the "expert" interrogatories by October 12th, as he was ordered to do by the Court in the October 2nd Order.

■■■ Further, the supplemental answer as to Dr. McGillicuddy was improper by merely referencing his reports. As Professor Moore has written:

[An answer to an interrogatory] must be complete in itself and should not refer to pleadings, or to depositions, or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.

4A Moore's *Federal Practice,* ¶ 33.25, pp. 33—129–30 (2d ed., 1948).

The rule is derived from Rule 33(a), F.R. Civ.P., which provides, in pertinent part:

Each interrogatory shall be answered separately and fully in writing under oath . . .

In *Hyster Co. v. Industrial Power Equipment Co., Inc.,* 9 F.R.D. 685 (W.D.Mo., 1950), the Court held that answers which refer to depositions ". . . from which it is inferred that the plaintiff might learn proper answers . . . " do not conform to the above-quoted portion of Rule 33(a), F.R.

Civ.P. *Id.* To the same effect are the cases of *Grimmett v. Atchinson, Topeka & Sante Fe Ry. Co.*, 11 F.R.D. 335, 336 (N.D. Ohio, 1951) and *J.J. Delaney Carpet Co. v. Forrest Mills, Inc.*, 34 F.R.D. 152, 153 (S.D. N.Y., 1963).

Lastly, the supplemental answer with respect to the witness Welsh is incomplete. Although the "substance" of his testimony is stated, the "substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion" is totally lacking.

In short, I rule that as to each expert listed in his October 15th response, the plaintiff has failed to comply with the Court's Order of October 2nd and, accordingly, failed to fulfill the duty of supplementation.

If there was any doubt as to the plaintiff's duty upon receipt of the October 2nd Order, it should have been cleared up by the District Judge's Order on October 22, 1984 that any supplementation of answers must be made by October 31st. The message was clear; if the plaintiff was to fulfill his duty "seasonably" to supplement, the duty had to be fulfilled by October 31st. Plaintiff's counsel filed no supplementation of his responses to the "expert" interrogatory by October 31st.

Yet despite this rather obvious requirement, plaintiff's counsel as of December 27th was still taking the position that he was under no duty to supplement if the experts had not given him the information. On January 4, 1985, counsel filed Plaintiff's Second Supplemental Answers, Etc. (# 112) and as to the witness Murray, continued to claim that he could not answer the interrogatory as to Murray because " ... plaintiff has not obtained a report from Mr. Murray." In addition, despite the District Judge's Order, plaintiff's counsel is still of the view that he can continue to designate previously unidentified experts, as he did with respect to the witnesses O'Shea and Sabato on January 4th.

In sum, the purpose of both the Order of October 2nd and the Order of October 22nd was to establish a date prior to trial by which *all* experts would be identified and full and complete answers to the "expert" interrogatory would have been filed. By acting as he did, plaintiff's counsel virtually rendered the Orders meaningless so far as this purpose was concerned. Sanctions are in Order.

It is therefore ORDERED that the Defendant's Boat Shanty Girl, Inc., Motion For Sanctions Against Plaintiff, Vito Ferrarra (# 110) be, and the same hereby is, ALLOWED. Pursuant to Rule 37(b)(2)(C), F.R.Civ.P., it is ORDERED that the plaintiff be, and he hereby is, PROHIBITED from calling John J. Murray, Arthur O'Shea, and Leo Sabato as expert witnesses in the trial of the above-styled case and PROHIBITED from calling any other expert witnesses other than John J. McGillicuddy, Joseph Marcantonio and David Welsh.

It is to be noted that this sanction does not exclude the expert testimony of the witnesses McGillicuddy, Marcantonio and Welsh, despite the fact that the plaintiff violated the Court's Orders of October 2nd and October 22nd as to those witnesses. My reason for not excluding their testimony is that I view the sanction which I have imposed, i.e. the exclusion of all other experts, as a sufficient sanction, together with others which I shall impose *infra,* for the plaintiff's violations of the Court's Orders. The sanction of exclusion, although not as drastic as a dismissal, is a strong sanction. I believe it should be imposed with care and only when necessary to vindicate the Court's Orders and its authority to insist that they be obeyed. The situation with the witnesses O'Shea and Sabato, who were not even *identified* until January 4th and the witness Murray, from whom the plaintiff has still not "obtained" a report, are sufficiently egregious to warrant the sanction of exclusion.

As to the witness McGillicuddy, counsel for the defendant now has all the medical records and reports. If counsel for the defendant does not believe that he has all the records from Dr. McGillicuddy or all

**152**

the information to which he is entitled respecting Dr. McGillicuddy's testimony, I shall allow counsel for the defendant to depose him pursuant to Rule 26(b)(4)(A)(ii), F.R.Civ.P. Accordingly, it is ORDERED that (1) that part of my October 2nd Order which stayed the deposition of Dr. McGillicuddy be, and the same hereby is, VACATED, and (2) the defendant be, and he hereby is, GRANTED LEAVE to take the deposition of Dr. McGillicuddy pursuant to Rule 26(b)(4)(A)(ii), F.R.Civ.P.

As to the witnesses Marcantonio and Welsh, at least as of January 4th, the answers to the "expert" interrogatory are complete.

I shall also consider making an award of reasonable expenses, including attorney's fees, caused by the plaintiff's failure to obey the Court's Orders. Rule 37(b)(2), F.R.Civ.P. If the defendant seeks such an award, he may file a motion seeking same together with an Affidavit detailing the reasonable expenses, including attorney's fees, caused by the plaintiff's failure to obey the Court's Orders. The plaintiff may respond in accordance with Local Rule 12(a)(2).