**Vera JEFFERSON, etc., Plaintiff,**

v.

**William DAVIS, Defendant.**

**No. 88 C 1872.**

United States District Court,
N.D. Illinois, E.D.

June 12, 1990.

T. Lee Boyd, Jr., Chicago, Ill., for plaintiff.

Gladys Stevens, Office of the Atty. Gen., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

In this civil rights case involving a fatal shooting at the time of arrest, plaintiff sought to call an expert witness on the topics of police procedure and the use of force as part of her case-in-chief. Defendant objected on the grounds that plaintiff's answers to the expert witness interrogatories were both inadequate and untimely. Plaintiff was precluded from calling the expert at trial.

### I. Background

Plaintiff alleged that defendant, a sergeant with the Illinois State Police, used excessive force when he shot and killed her son, John Williams, while attempting to

arrest him.[1] In preparation for trial, plaintiff retained Robert di Grazia as a testimonial expert on the use of "excessive force." Defendant propounded expert witness interrogatories. On November 6, 1989, plaintiff filed incomplete answers to the interrogatories.[2] In response to Interrogatory # 2, plaintiff declined to explain the "profession or occupation [of the expert] and field in which the expert claims to have expertise."[3] Rather, plaintiff merely attached a copy of the expert's curriculum vitae.[4] *See* attached Appendix A. Interrogatory # 10 asked for the "substance of the facts and opinions" about which the expert expected to testify and the identity of "each document that reflects or refers to such expected testimony, including each draft thereof." With reference to the excessive force claim, plaintiff's answer stated that "Robert di Grazia in summary is expected to testify that the defendant used excessive force and improper and negligent tactics in the attempted arrest of the decedent." Interrogatory # 11 asked for the "substance of the facts" upon which the expert will rely or refer in rendering his opinion testimony. Plaintiff's answer to this question was to "[s]ee the investigative reports or other documents which have been previously tendered." Interrogatory # 12 asked for "each ground for each opinion" the expert will render, while Interrogatory # 13 asked for the expert's methodology in reaching his opinion. Plaintiff's answers to both of these questions were that they were inquiries "more properly asked in a deposition."

At a status conference prior to trial, defendant objected to plaintiff's answers to the interrogatories, arguing that they were insufficient. The parties were informed that expert witnesses would not be allowed to testify to matters not sufficiently disclosed in timely answers to proper interrogatories. Plaintiff stated her intent to supplement her answers. On the evening before or the morning plaintiff sought to call di Grazia to testify, she provided defendant with supplemental answers to Interrogatories # 10, # 12, # 16 and # 17. These supplemental answers did not provide any greater detail than the original answers objected to by defendant. *See* Appendix B.

In light of the insufficiency and untimeliness of plaintiff's supplemental answers, defendant objected to plaintiff's intention of calling di Grazia as an expert witness. Plaintiff responded by asserting that defendant was not prejudiced by the challenged answers since he was in possession of the documents that di Grazia was relying upon in reaching his expert opinion. Plaintiff also argued that defendant should have raised his objections to the answers earlier or taken the deposition of di Grazia. Plaintiff did not effectively address the fact that both the original and supplemental answers were substantively insufficient. After reviewing the answers, this court precluded plaintiff from calling di Grazia at trial. The foregoing conduct and arguments reflected a misapprehension about the requirements of Fed.R.Civ.P. 26.

## II. Analysis

The testimony of expert witnesses is often important to the outcome of civil cases. Rule 26(b)(4) of the Federal Rules of Civil Procedure was amended in 1970 to address a number of the discovery problems relating to experts. The amendments were intended both to liberalize the initial scope of discovery available to a party regarding the opinions of any expert witness the ad-

---

1. In Count One, plaintiff alleged that defendant's conduct constituted excessive force in violation of her son's Fourth Amendment rights. Plaintiff also brought a pendent state law claim under the Illinois Wrongful Death Act, alleging that defendant's conduct was a wrongful act in violation of the Illinois statute governing a police officer's use of force during an arrest.

2. The discovery closing date in this case was originally March 20, 1989. Upon the request of the parties, it was extended to May 22, 1989.

On May 23, 1989, discovery was closed except as to previously scheduled depositions.

3. In her answers, plaintiff identified two experts whom she expected to call as witnesses at trial. Defendant's objection and the present opinion are in reference to the answers regarding Robert di Grazia only.

4. The copy of plaintiff's answers submitted to the court did not have a copy of di Grazia's curriculum vitae attached to it.

versary "expects to call" at trial, and to regulate any additional discovery concerning experts so designated. *See Graham, Discovery of Experts Under Rule 26(b)(4) of the Federal Rules of Civil Procedure: Part One, An Analytical Study,* 1976 U.Ill.L.F. 895, 898–916 (tracing history of the Rule). As Professor Graham has noted, the law governing a party's ability to conduct discovery of expert witnesses was in "a chaotic state" prior to the 1970 amendments, which were intended to standardize the procedures throughout the entire federal system. *Id.* at 898–99. *See also Smith v. Ford Motor Co.,* 626 F.2d 784, 792 (10th Cir.1980).

As the exclusive means for taking the discovery of an expert witness, *United States v. International Business Corporation,* 72 F.R.D. 78, 81 (S.D.N.Y.1976), Rule 26(b)(4) mandates a two-step approach.[5] In the first instance, any discovery of an expert "expected to testify at trial" must be obtained by way of written interrogatories. Through such interrogatories, a party is entitled to discover 1) the identity of the experts expected to testify, 2) the "subject matter" upon which the expert is expected to testify, 3) the "substance of the facts and opinions" about which the expert is expected to testify, and 4) a "summary of the grounds" for each opinion. Fed.R. Civ.P. 26(b)(4)(A)(i). An answering party is also under a continuing duty to supplement answers with respect to expert testimony as required by Rule 26(e)(1)(B). In the second step provided by Rule 26(b)(4)(A)(ii), a party may obtain a deposition of an expert witness only upon motion and by order of the court.

As noted by the Advisory Committee, the amended provisions of Rule 26(b)(4) are based upon the recognition that inadequate discovery of the basis of an expert witness's opinion

> produces in acute form the very evils that discovery has been created to prevent. Effective cross-examination of an expert witness requires advance preparation. The lawyer even with the help of his own experts frequently cannot anticipate the particular approach his adversary's expert will take or the data on which he will base his judgment on the stand.... Similarly, effective rebuttal requires advance knowledge of the line of testimony of the other side. If the latter is foreclosed by a rule against discovery, then the narrowing of issues and elimination of surprise which discovery normally produces are frustrated.

Advisory Committee Notes to 1970 Amendments to Subdivision 26(b)(4). Although the "primary purpose of the Rule is to facilitate effective cross-examination and rebuttal of expert testimony," the benefits are not merely for the convenience of the parties. Note, *Treating Experts Like Ordinary Witnesses: Recent Trends In Discovery of Testifying Experts Under Federal Rule of Civil Procedure 26(b)(4),* 66 Wash.U.L.Q. 787, 799 (1988). The Rule is also "intended to make the task of the trier of fact more manageable by means of orderly presentation of complex issues of fact." *Weiss v. Chrysler Motors Corp.,* 515 F.2d 449, 454–57 (2d Cir.1975). In this regard, the trial judge is entitled to learn from answers to interrogatories what area of expertise will be presented. Too often what is sought to be presented is an opinion by an expert rather than an expert opinion. *See United States v. Lundy,* 809 F.2d 392, 395 (7th Cir.1987). It is certainly not clear from the answers in this case that scientific principles are involved in the opin-

5. The pertinent portions of Fed.R.Civ.P. 26(b)(4) provide as follows:

> **Trial Preparation: Experts.** Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired and developed in anticipation of litigation or for trial, may be obtained only as follows: (A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

ion of the "force" expert. *See, e.g., Mid-State Fertilizer v. Exchange National Bank,* 877 F.2d 1333, 1339–40 (7th Cir.1989) (when an expert provides "nothing but a bottom line," he or she provides nothing of value to the judicial process). An expert should not be permitted to argue the case in the form of sworn testimony.

The Federal Rules of Evidence governing the testimony of expert witnesses at trial also underscore the importance of timely and adequate discovery under Rule 26(b)(4). Under the applicable Rules of Evidence, an expert witness may testify about a matter "in the form of an opinion or otherwise." Fed.R.Evid. 702. The expert's opinion may, in most circumstances, embrace the ultimate issue to be decided by the trier of fact. Fed.R.Evid. 704(a). In providing such testimony, the expert need not disclose all of the underlying facts or data supporting the opinion unless required to do so by the court.[6] Under Rule 705, the adverse party has the burden of testing the basis for an expert's opinion through cross-examination. Fed.R.Evid. 705. The Advisory Committee's notes to Rule 705 emphasize the significant relationship between this burden and adequate discovery under Fed.R.Civ.P. 26(b)(4):

> If the objection is made that leaving it to the cross-examiner to bring out the supporting data is essentially unfair, the answer is that he is under no compulsion to bring out any facts or data except those unfavorable to the opinion. The answer

assumes that the cross-examiner has the advance knowledge which is essential for effective cross-examination. This advance knowledge has been afforded, though imperfectly, by the traditional foundation requirement. Rule 26(b)(4) of the Rules of Civil Procedure, as revised, provides substantial discovery in this area, obviating in large measure the obstacles which have been raised in some instances to discovery of findings, underlying data, and even the identity of the experts.

Advisory Committee Notes to Rule 705. *See also Smith v. Ford Motor Co.,* 626 F.2d at 793–94 (analyzing relationship between Rule 26 and the Federal Rules of Evidence).

 Whether the answers to expert interrogatories propounded under Rule 26(b)(4) are "sufficient" is a question that must be answered in light of the purpose of the Rule. *Compare* Graham, *Discovery of Experts Under Rule 26(b)(4),* 918 n. 92 (noting two possible interpretations of whether answers are "sufficient"). At a bare minimum, the answers must be both responsive to the interrogatory questions and "complete." That an initial answer must be "complete" when made is evident from the related requirements of Rule 26(e),[7] as well as the provisions of Rule 33.[8] Obviously, an evasive answer will not be "complete," and thus "sufficient" within the meaning of Rule 26. As the Eighth

---

**6.** The facts or data upon which the expert bases his or her opinion need not be admissible into evidence, as long as it is "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed.R.Evid. 703.

**7.** The text of Fed.R.Civ.P. 26(e) provides:
**Supplementation of Responses.** A party who *responds to a request for discovery with a response that was complete when made* is under no duty to supplement the response to include information thereafter acquired, except as follows:
A party is under a duty seasonably to supplement the response with respect to any question directly addressed to ... (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the person's testimony.

*Id.* (emphasis added).

**8.** Rule 33 of the Federal Rules of Civil Procedure requires that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reason for the objection shall be stated in lieu of an answer...." As noted by Professor Moore, this provision requires that:
[an answer to an interrogatory] must be complete in itself and should not refer to pleadings, or to depositions, or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given....
4A Moore's *Federal Practice,* ¶ 33.25 (2d ed. 1985).

Circuit has noted, "[d]iscovery of expert opinion must not be allowed to degenerate into a game of evasion." *Voegeli v. Lewis*, 568 F.2d 89, 97 (8th Cir.1977). Beyond this bare minimum, however, the objectives of the Rule indicate that absent extenuating circumstances, a party's answers to expert witness interrogatories should provide the adverse party with a basis for preparing for cross-examination. *See Ferrara v. Balistreri & DiMaio, Inc.*, 105 F.R.D. 147 (D.C.Mass.1985) (plaintiff's answers were incomplete and inadequate within the meaning of Rule 26(b)(4)); *Rupp v. Vock & Weiderhold, Inc.*, 52 F.R.D. 111, 113–14 (N.D.Ohio 1971) (answers held insufficient and party ordered to file supplemental answers).

Complete and sufficient answers to interrogatories are and ought to be a precondition to court approval of expert witness depositions pursuant to Rule 26(b)(4)(A)(ii). Depositions of experts are expensive and should generally not be necessary if full answers to interrogatories are provided. A party calling an expert should not be allowed to prove more than is disclosed in the answers to interrogatories. This approach provides both the incentive to make full disclosure and the protection against surprise. Moreover, many depositions of experts do not result in the revelation of facts, but are more in the nature of arguments with counsel. Unless some showing of need is made, such depositions should not be ordered. If they are ordered, they may be conditioned upon the payment of fees. Fed.R.Civ.P. 26(b)(4)(C)(ii).

In the present case, plaintiff's initial answers to the expert witness interrogatories did not comply with the minimal disclosure requirements of the Rule. Plaintiff's skeletal answer to Interrogatory # 10 did not provide the degree of disclosure contemplated by the Rule concerning the "substance of the facts and opinions"

of the expert's testimony. Plaintiff's answer to Interrogatory # 11—directing defendant to look at the investigative reports and other documents for a "summary of the grounds" for the opinions of di Grazia—was also "incomplete" within the meaning of both Rule 26 and Rule 33. Plaintiff's answers to Interrogatories # 12 and # 13, which suggested that the grounds and methodology for each opinion were more properly asked in a deposition, also failed to comply with the requirements of Rule 26. Such an answer not only contravenes the two-step procedure outlined by Rule 26, it subverts the very purpose of the Rule.[9] Finally, plaintiff's supplemental answers to these interrogatories did not satisfy the requirements of the Rule, notwithstanding the court's direction to file sufficient supplemental answers if di Grazia was going to be called at trial.

A party's failure to answer expert witness interrogatories in compliance with the provisions of Rule 26(b)(4) invokes the court's discretion in fashioning the appropriate response. It is well within the court's inherent authority to sanction a party that fails to sufficiently answer expert witness interrogatories or otherwise fulfill its continuing duty to supplement "complete" answers as required by Rule 26(e). *Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir.1980) (court's inherent authority to sanction a party for a breach of Rule 26(e), even absent a court order, is beyond question). As explained in Wright & Miller:

[i]f an answer to an interrogatory is thought to be evasive or incomplete, the party serving the interrogatory can move to compel a further answer. Presumably the court will not permit an expert to testify if an interrogatory of this kind has been answered and that expert has not been named, but the matter is within the discretion of the court.

---

**9.** Much of the academic literature on Rule 26(b)(4) suggests that litigants often "bypass the rigors of Rule 26(b)(4) and exchange the reports of their experts to allow the opposing counsel to freely depose the expert." Comment, *Discovery of Experts Under the Federal Rules*, 10 U.Rich.L. Rev. 706, 722 (1976). *See also* Graham, *Dis-* *covery of Experts Under Rule 26(b)(4)*, 1977 U.Ill.L.F. at 202. Absent an amendment to the Rule, however, a party cannot evade its obligations through insufficient answers to interrogatories and an invitation to depose its experts as an alternative method of discovery.

Wright & Miller, *Federal Practice and Procedure,* ¶ 2030 (1970).

In exercising its discretion, the court may determine that precluding the proposed expert from testifying is the appropriate sanction under the circumstances. Wright & Miller, *supra* at ¶ 2050. *See also Grogan v. Garner,* 806 F.2d 829, 837–38 (8th Cir.1986) (exclusion of expert testimony not an abuse of discretion); *Easley v. Anheuser–Busch, Inc.,* 758 F.2d 251, 258 (8th Cir.1985) (exclusion of experts not an abuse of discretion); *Rosemount, Inc. v. Beckman Instruments, Inc.,* 727 F.2d 1540, 1549 (C.A.Fed.1984) (precluding testimony of expert not identified in answers not an abuse of discretion); *Holiday Inns, Inc. v. Robertshaw Controls Co.,* 560 F.2d 856 (7th Cir.1977) (exclusion of evidence requested in interrogatories not error); *Weiss,* 515 F.2d at 454–57. As the Seventh Circuit recently noted in an analogous circumstance, the trial court's decision to exclude the testimony of an expert was not improper since "[t]here is little question that [the plaintiff] would have been disadvantaged severely if it were confronted for the first time at trial by previously undisclosed experts." *Simplex, Inc. v. Diversified Energy Systems, Inc.,* 847 F.2d 1290, 1292 (7th Cir.1988). Indeed, some courts have held that it is reversible error for a trial court not to preclude critical expert witness testimony after a party fails to comply with the requirements of Rule 26.

*Smith v. Ford Motor Co.,* 626 F.2d at 794 (citing cases).

In determining the appropriate sanction, the court should consider "the explanation, if any, for the failure to name the witness or to otherwise supplement the answer, the importance of the witness, the need for time to prepare to meet the testimony, and the possibility of a continuance." Wright & Miller, *supra* p. 12 at ¶ 2050 (1990 Supp.). *See also Outley v. New York,* 837 F.2d 587, 590 (2d Cir.1988) (quoting Wright & Miller); *Johnson v. H.K. Webster, Inc.,* 775 F.2d 1, 8 (1st Cir.1985).

■ In this case, plaintiff was apprised of the fact that her answers to defendant's interrogatories were insufficient and that they had to be supplemented in a timely manner if she intended to call di Grazia at trial. This court's direction to that effect gave plaintiff sufficient time to comply with the requirements of Rule 26(b)(4). Plaintiff's counsel assured the court that adequate supplemental answers would be filed; however, plaintiff did not give any justification for attempting to provide insufficient answers on either the eve or very day of calling di Grazia. Because di Grazia's testimony was likely to be important to plaintiff's case, defendant surely needed more time to prepare for cross-examination. A continuance was not a feasible response since the trial was in midcourse. Plaintiff left this court with no choice other than to preclude the expert from testifying. *See Ferrara,* 105 F.R.D. at 147.

## APPENDIX A

```
STATE OF ILLINOIS )
 ) SS
COUNTY OF COOK )

 IN THE UNITED STATES DISTRICT COURT FOR THE
 NORTHERN DISTRICT OF ILLINOIS
 EASTERN DISTRICT

VERA JEFFERSON , Individually, )
and as Administrator of the )
Estate of John Michael Williams )
 Plaintiff, )
 ) No. 88 C 1872
 vs. ) Judge William Hart
 )
WILLIAM DAVIS ,et al. )
 Defendats. )
```

PLAINTIFF'S ANSWER TO INTERROGATORIES

Now comes the plaintiff, VERA JEFFERSON , by through her attorneys, T. LEE BOYD, JR. & ASSOCIATES , and in Answer to the defendant's Interrogatories states as follows:

Interrogatory #1

With respect to each person you expect to call as an expert witness at trial, state his or her name, age, business address, and telephone number.

Answer:

Robert di Grazia
971-B Russell Avenue
Gaithersburg, Maryland
DOB: 2/24/28

Arthur Dobbelaere
5910 Capulina.
Morton Grove, Illinois
DOB: 10/17/48

Interrogatory #2

With respect to each expert named in the answer to Interrogatory #1, state his or her profession or occupation and field in which the expert claims to have expertise.

Answer:

See attached curriculum vitae

Describe the professional background in the field of expertise of each expert named in the answer to Interrogatory #1, including, but not limited to:

 a. the name and address of each school where the expert received education or training in this field;

 b. the dates when the expert attended each such school; and

 c. the name or description of each degree the expert received, including the date when each such degree was received and the name of the school from which such degree was received.

Answer:

See curriculum vitae

Interrogatory #4

State whether each expert named in the answer to Interrogatory #1 is a member of any professional, honorary or trade association in his or her field of expertise, and if so, set forth;

 a. the name of the authority which licensed the expert;

 b. the date when the expert was licensed; and

c. the requirement that the expert had to meet to obtain such a license.

Answer:

See attached curriculum vitae.

## Interrogatory #6

How long has each expert named in the answer to Interrogatory #1 practiced or worked in his or her field of purported expertise?

Answer:

See attached curriculum vitae.

## Interrogatory #7

With respect to each expert named in the answer to Interrogatory #1, state the name and business address of each person the expert was employed by within the last ten years and give a detailed description of the expert's duties at each such place of employment. If the expert was self-employed, state in detail his or her duties and responsibilities.

Answer:

Objection. Irrelevant, vague, and overbroad.

## Interrogatory #8

With respect to each expert named in the answer to Interrogatory #1, state whether he or she has any previous experience in his field of expertise which involved matters similar or related to those involved in this action, and, if so, describe in detail each similar or related matter.

Answer:

See curriculum vitae; Objection to describing in detail each similar or related matter. Such a matter is more properly asked in a deposition.

## Interrogatory #9

State the subject matter on which each expert named in the answer to Interrogatory #1 is expected to testify, either as an expert or as a layman. With respect to each subject matter, identify the following:

a. each instance in which the expert has given trial testimony on that subject matter;

b. each instance in which the expert has given deposition testimony on that subject matter;

c. each instance in which the expert expressed any written or oral opinion on that subject matter stating the subject matter of the opinion expressed; and

d. any documents authored or co-authored by the expert within the subject matter on which the expert is expected to testify.

Answer:

Objection. Questions are overbroad in scope. See curriculum vitae.

## Interrogatory #10

State the substance of the facts and opinions to which each expert named in the answer to Interrogatory #1 is expected to testify, and identify each document that reflects or refers to such expected testimony, including each draft thereof.

**Answer:**
Robert di Grazia in summary is expected to testify that the defendant used excessive force and improper and negligent tactics in the attempted arrest of the decedent. Further, he is expected to testify that the training of the defendant was inadequate. Dobbelaere will testify regarding the projected income of the decedent during his projected lifetime.

## Interrogatory #11

With respect to each expert named in the answer to Interrogatory #1, state the substance of the facts upon which each expert will rely or refer in rendering the opinion(s) to which he or she will testify, and each document which sets forth such facts.

**Answer:**
See investigative reports and other documents which have been previously tendered.

## Interrogatory #12

State each ground for each opinion to which each expert named in the answer to Interrogatory #1 will testify.

**Answer:**
Objection. This question is more properly asked in a deposition.

## Interrogatory #13

Identify the methodology such expert used to derive each conclusion derived from any computer data, including each and every computer program and the source pertaining thereto, and identify each document which sets forth such methodology.

**Answer:**
See Interrogatory # 12

## Interrogatory #14

Identify each document including, but not limited to, the name, author, publisher, page and date of all texts, articles, journals or literature and all documents produced by or received from any party to this lawsuit, including the party's counsel, upon which the testimony of each expert named in the answer to Interrogatory #1 will be based.

**Answer:**
All investigative reports including but not limited to depositions, medical examiner's reports, letter regarding wages earned, and any and all other treatises, texts, and other documents relied upon by each expert.

## Interrogatory #15

State each rule, regulation, or guidelines of any public authority, trade or professional association, or other standard setting organization which each expert named in the answer to Interrogatory #1 may use or refer to at trial.

**Answer:**

Plaintiff will provide.

**Interrogatory #16**

With respect to each expert named in the answer to Interrogatory #1, identify every document, pleading, deposition, text, recording or any other tangible item he or she has reviewed or examined in connection with his or her work in this action and segregate items reviewed by each expert.

**Answer:**

See Interrogatory # 14.

**Interrogatory #17**

State whether information about this action was given to each expert orally, and if so, state in detail the substance of that information and identify the person who gave that information to each expert.

**Answer:**

Some information was given to Robert di Grazia orally. Information given by T. Lee Boyd, Jr. Objection to giving in detail the substance of that information. Said inquiry is irrelevant and immaterial.

**Interrogatory #18**

State whether information concerning plaintiff's claims or defendants' defenses in this action was conveyed to each expert in written form, and if so, identify each document containing such unformation.

**Answer:**

See Interrogatory # 14.

STATE OF ILLINOIS )
 ) SS 24437
COUNTY OF COOK )

 VERA JEFFERSON, being first duly sworn on oath, deposes and says that she has read the foregoing Answer to Interrogatories and that same are true and correct to the best of her knowledge and belief.

 Vera Jefferson

Subscribed and Sworn to
before me this 6th day
of _____, 1989

 NOTARY PUBLIC

> OFFICIAL SEAL
> DEBORAH V. HOLMES
> NOTARY PUBLIC STATE OF ILLINOIS
> MY COMMISSION EXP. MAR. 6, 1993

STATE OF ILLINOIS )
 ) SS
COUNTY OF COOK )

 T. LEE BOYD, JR., being first duly sworn on oath, deposes and states that he served the above Answers to Interrogatories by enclosing true and correct copies thereof in sealed envelopes bearing proper postage, addressed to and depositing same in the U.S. mail chute located at 332 South Michigan Avenue, Chicago, Illinois, 60604, prior to 5:00 p.m.

 T. Lee Boyd, Jr.

Subscribed and Sworn to
before me this 6th day
of _____, 1989.

 NOTARY PUBLIC

> OFFICIAL SEAL
> DEBORAH V. HOLMES
> NOTARY PUBLIC STATE OF ILLINOIS
> MY COMMISSION EXP. MAR. 6, 1993

**534**

T. LEE BOYD, JR. & ASSOCIATES

BY: _____
 T. Lee Boyd, Jr.

332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
312/263-0407

STATE OF ILLINOIS )
 ) SS.
COUNTY OF C O O K )

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

VERA JEFFERSON, Ind., and as )
Admn. of the Estate of JOHN )
MICHAEL WILLIAMS, )
 )
 Plaintiff, )
 VS. ) NO. 88 C 1872
 ) Judge William Hart
WILLIAM DAVIS, et al., )
 )
 Defendants. )

## PLAINTIFF'S AMENDED ANSWERS TO INTERROGATORIES

NOW COMES, the plaintiff, VERA JEFFERSON, by and through her attorneys, T. LEE BOYD, JR. & ASSOCIATES, and in amended answer to the defendant's Interrogatories, states as follows:

NUMBER 10: His testimony and opinion will be directed toward the fact that police officers are only allowed to use the minimum amount of force necessary to accomplish apprehension. The use of deadly force is to be used as a last resort, when all other alternatives have been expended and only when the officer is in imminent fear of death or serious bodily harm. He will testify concerning standards for the use of force by law enforcement personnel as well as the reasonable standard of care.

He will testify that WILLIAM DAVIS's conduct during the arrest, pursuit, and apprehension of JOHN MICHAEL WILLIAMS did not meet the standards for the use of force by law enforcement

personnel.

NUMBER 12: The opinions expressed by MR. ROBERT DI GRAZIA are based upon his education, training, research and experience in the area of tne "USE OF FORCE".

NUMBER 16: MR. DI GRAZIA will rely upon the standards employed by law enforcement personnel for tne use of force. And, all the accepted policies and practices as taught by the F.B.I. and other such organizations.

NUMBER 17: All information relative to the offense was given to the experts.

T. LEE BOYD, JR. & ASSOCIATES

BY _____
 T. Lee Boyd, Jr.

332 South Michigan Avenue*
Suite 1000
Chicago, Illinois 60604
(312) 263-0407

STATE OF ILLINOIS )
 ) SS.
COUNTY OF C O O K )

VERA JEFFERSON, being first duly sworn on oath, deposes and says that she has read the foregoing Answer to Interrogatories and that same are true and correct to the best of her knowledge and belief.

_____
VERA JEFFERSON

Subscribed and Sworn to
before me this _____ day
of _____, 1990.

_____
 NOTARY PUBLIC

STATE OF ILLINOIS )
 ) SS.
COUNTY OF C O O K )

T. LEE BOYD, JR., being first duly sworn on oat, deposes and states that he served the above Answers to Interrogatories by enclosing true and correct copies thereof in sealed envelopes bearing proper postage, addressed to and depositing same in the U.S. mail chute located at 332 South Michigan Avenue, Chicago, Illinois 60604, prior to 5:00 p.m.

_____
T. LEE BOYD, JR.

Subscribed and Sworn to
before me this _____ day
of _____, 1990.