Lauriat, J.
Defendants Dr. John Turco and Dr. Nicholas R. Franco, Jr., d/b/a East Boston Dental Associates have moved to strike the plaintiffs answers to their interrogatories, and to dismiss this action and/or to enter final judgment in their favor on the ground that the plaintiffs answers to their interrogatories are insufficient and are in violation of an order of this court requiring the plaintiff to answer those interrogatories. In particular, the defendants object to the sufficiency of the plaintiffs answer to their expert interrogatory as failing to comply with the requirements of Mass.R.Civ.P. 33. For the reasons set forth below, the plaintiffs answer to the defendants’ interrogatory 30 is ordered stricken and the plaintiffs expert is precluded from testifying at the trial of this action. Otherwise, the defendants’ motions are denied without prejudice.
DISCUSSION
Mass.R.Civ.P. 33(a) requires that “each interrogatory shall be answered separately and fully in writing . . .” Except as provided in Rule 33(c), “an answer to an interrogatory must be complete in itself and should not refer to pleadings, or to depositions, or other documents . . .” Ferrara v. Balistreri & Dimaio, Inc., 105 F.R.D. 147, 150 (D.Mass. 1985), quoting 4A Moore’s Federal Practice, ¶33.25, pp. 33-129-30 (2d ed., 1948). Counsel for a party responding to expert interrogatories propounded pursuant to Mass.R.Civ.P. 26(b)(4)(A)(i) and 33(a), has “an affirmative obligation to secure sufficient information from retained experts intended to be called at trial so that counsel can furnish full and complete answers” to those interrogatories. Ferrara, supra.
In the present case, the plaintiffs response to the defendants’ expert interrogatory propounded pursuant to Rules 26(b)(4)(A)(1) and 33(a) was as follows:
(a)-(d) Dr. Thomas Vergo, Jr. Plaintiffs Offer of Proof, previously furnished to you is incorporated herein by reference, to which you are referred for the answers to the remaining portion of your interrogatory
*31 This answer utterly fails to meet or satisfy the letter or the spirit of Rule 33(a). “Compliance with the rules of civil procedure is not accomplished if the parties make of answers to interrogatories some kind of a game .. . the courts are not expected to be subjected to that type of abuse." Partlow v. Hertz Corp., 370 Mass. 787 (1976).
The expert interrogatories which are the subject of these motions were propounded to the plaintiff by the defendant Nicholas R. Franco, Jr. on July 12, 1990 and by the defendant John B. Turco on August 14, 1990. Thereafter, the defendants’ attorneys made several inquiries of plaintiffs counsel as to the status of his discovery responses. Despite these inquiries, no answers to their expert interrogatories were served by the plaintiff at any time in the following three years. Nor were these interrogatories answered in connection with or prior to a final pre-trial conference held on January 25, 1993, or at a second final pre-trial conference held on April 6, 1993. At a further final pretrial conference held on June 8, 1993, the court (Lauriat, J.) ordered that “plaintiff shall serve and file supplemental answers to all of the parties’ interrogatories by June 14, 1993.” On June 15, 1993, plaintiff served by mail her answers to interrogatories, including the answer to the defendants’ expert interrogatories that is set forth above.
Under these circumstances, and pursuant to Mass.R.Civ.P. 37(b)(2)(B) and (C), the plaintiffs answer to the defendants’ expert interrogatories must be stricken, and the plaintiff is precluded from introducing any testimony by his expert witness into evidence at the trial of this case. Although this sanction may be considered severe, since without expert medical testimony the plaintiff will not likely succeed on her medical malpractice claim against the defendants, it is necessary, appropriate and warranted in this case.
ORDER
For the foregoing reasons, it is ORDERED, pursuant to Mass.R.Civ.P. 37(b)(2)(B) and (C), that the plaintiffs answer to the defendants’ expert interrogatories is stricken, and that the plaintiff is precluded from introducing any testimony by his expert medical witness into evidence at the trial of this case.